IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

AUBURN COLETTE SCHWARTZ,          :
      Plaintiff,                :
    v.                              : Case No. 3:19-cv-74-KRG-KAP
PRESIDENT DONALD TRUMP, *et al.*, :
      Defendants                :

Memorandum Order, and Report and Recommendation

Order

       Plaintiff appears to be a pretrial detainee in the Bedford County Prison and her complaint is subject to the Prison Litigation Reform Act. She filed a complaint in the Eastern District of Pennsylvania alleging that on February 23, 2019 she was kidnapped on the orders of President Trump and placed in the Bedford County Prison. Musicians Jay-Z and Beyonce and former President Obama are named as some of the defendants too, although their roles are at best obscure. Plaintiff seeks injunctive relief, primarily release from detention. Because Bedford County is in the Western District of Pennsylvania, the United States District Court for the Eastern District of Pennsylvania sent the matter here.

       The motion to proceed *in forma pauperis*, ECF no. 1, is denied for failure to comply with the Prison Litigation Reform Act, which requires a copy of the inmate account statement. The motion gives no relevant financial information, and it seems that plaintiff has used the form simply as additional writing paper for

her complaint (for example, where utility expenses should be listed plaintiff writes "Donald Trump get the death penalty please").

The Clerk shall mark this matter administratively closed (that is not a dismissal) until the filing fee is paid or plaintiff submits a motion to proceed *in forma pauperis* with an inmate account statement. The Clerk shall re-open the matter upon receipt of the filing fee or a motion to proceed *in forma pauperis* with an inmate account statement.

The Clerk shall add the solicitor for the Bedford County Prison to the docket for purposes of notice only.

Recommendation

The complaint should be dismissed for failure to prosecute if plaintiff does not make arrangements to pay the filing fee, and if she does it should be dismissed as frivolous.

Report

In cases in which the plaintiff is proceeding *in forma pauperis*, 28 U.S.C.§ 1915(e)(2) commands:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
(A) the allegation of poverty is untrue; or
(B) the action or appeal--
(i) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

2

Even if plaintiff is not proceeding in *forma pauperis*, 28 U.S.C.§ 1915A is applicable to this matter, and it commands that:

(a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
(b) Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
(2) seeks monetary relief from a defendant who is immune from such relief.

Regardless of plaintiff's *pro se* status, the court is not required to heed fantastic and delusional allegations of fact, Caesar v. Megamillion Biggame Lottery, 193 Fed.Appx. 119, 120-21 (3d Cir.2006) (affirming judgment dismissing complaint alleging conspiracy to steal winning lottery tickets, citing Denton v. Hernandez, 504 U.S. 25, 33 (1992)), cert. denied, 549 U.S. 1180 (2007), nor to indulge frivolous or malicious litigation. Malicious, as used in 28 U.S.C.§ 1915(e)(2)(B)(i), includes not only complaints filed with ill will or spite, but also complaints filed with a lack of reasonable belief in the propriety of the action, or for an extraneous improper purpose, Lippay v. Christos

3

996 F.2d 1490, 1502 (3d Cir.1993), such as an attempt to harm another. Andrews v. King, 398 F.3d 1113, 1121 (9th Cir.2005).

Plaintiff is clearly unhappy with being in prison but her complaint states no claim about prison conditions that would satisfy Fed.R.Civ.P. 8, and for that matter states no claim that would justify ordering a response if the complaint were treated as a habeas corpus petition. As the Supreme Court held in Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009):

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. **Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.** Id., at 555, 127 S.Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). ... Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Id., at 556, 127 S.Ct. 1955. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d, at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2). (my emphasis)

To borrow a figure used by Judges Aldisert and McKee of the Court of Appeals, the duty to screen complaints that the PLRA imposes does not require a court to comb through the elephant droppings of an obviously frivolous pleading in search of the seeds of a

4

legitimate complaint. See <u>United States v. Carrion-Soto</u>, 493 Fed. Appx. 340, 343 (3d Cir.2012)(Judge McKee, citing his concurrence in <u>Pontarelli v. U.S. Dep't of the Treasury</u>, 285 F.3d 216, 238 (3d Cir.2002), quoting Judge Aldisert in <u>United States v. Gibbs</u>, 813 F.2d 596, 603 (3d Cir.1987).

The Court of Appeals, e.g. <u>Grayson v. Mayview State Hospital</u>, 293 F.3d 103 (3d Cir.2002), directs district courts to allow plaintiffs in civil rights cases leave to amend unless that amendment is "futile" or "inequitable." Amendment is inequitable. If plaintiff has a genuine complaint, she should start from scratch. Allowing iterative amendments of this complaint to pare away the nonsensical part only wastes the court's time.

Pursuant to 28 U.S.C.§ 636(b)(1), the plaintiff is given notice that she has fourteen days to file written objections to this Report and Recommendation, providing that she first has paid the filing fee or filed a valid *in forma pauperis* motion.

DATE: 16 My 2019

Keith A. Pesto,
United States Magistrate Judge

Notice to counsel of record by ECF and by U.S. Mail to:

Auburn Colette Schwartz, No.19644
Bedford County Prison
425 Imlertown Road
Bedford, PA 15522